PEOPLE, PLAINTIFF AND APPELLEE, v. NAVARRO, DEFENDANT AND APPELLANT.

Appeal from the District Court of San Juan, Section 2, in a Prosecution for Libel.

No. 1091.—Decided March 29, 1917.

LIBEL—JUSTIFICATION.—The defendant was charged with having published and circulated the following handbill: ''The hospital was not built because Jorge Romany, president of the municipal council, had some quarries leased in the ward of Sabana Llana and also had some carts and oxen for hire, on which he paid no taxes, and hoped to find a bidder for the work who would take his materials, but when he thought that he had succeeded he found that the bidder had already let the contract and was unable to take his inferior and expensive materials. He then began to plot and at last the contract was rescinded and nearly a year passed before things were again authorized, the work put up at a new auction and Romany could find his man. At last he found him and on November 20 called a special session at which an attempt was made to give the contract to Guerini, who had business connections with Romany.'' *Held:* That such charges, if not true, are clearly libelous.

ID.—ID.—COUNTER-LIBEL.—The fact that discord existed between two political factions and one of them circulated a handbill attacking the defendant does not justify the action of the defendant, a member of the opposing faction, in publishing and circulating another (the one on which the present charge is based) charging the leader of the other faction with acts constituting a crime. The fact that A is guilty of libel against B does not justify B in committing a libel against A.

ID.—EVIDENCE—APPEAL.—A ruling of the lower court refusing to allow a witness to answer a question cannot be considered on appeal when the record does not show the question and the answer sought to be obtained.

The facts are stated in the opinion.

The attorney for the appellant did not appear.

*Mr. Salvador Mestre, fiscal,* for The People.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is a prosecution for libel. The defendant was charged with having published and circulated a handbill in the town of Río Piedras tending to impeach the honesty, integrity and reputation of Jorge Romany and thereby expose him to public hatred and contempt, as follows:

"The hospital was not built because Jorge Romany, president of the municipal council, had some quarries leased in the ward of Sabana Llana and also had some carts and oxen for hire, on which he paid no taxes, and hoped to find a bidder for the work who would take his materials, but when he thought that he had succeeded he found that the bidder had already let the contract and was unable to take his inferior and expensive materials. He then began to plot and at last the contract was rescinded and nearly a year passed before things were again authorized, the work put up at a new auction and Romany could find his man. At last he found him and on November 20 called a special session at which an attempt was made to give the contract to Guerini, who had business connections with Romany."

The defendant pleaded not guilty and after trial was convicted of the offense of libel and sentenced to pay a fine of twenty-five dollars, or in default thereof, to be imprisoned one day for each dollar not paid. The defendant then appealed to this court.

The appellant neither appeared at the hearing on the appeal nor filed any brief in support thereof. The transcript of the record contains a statement of the evidence examined

and a bill of exceptions. The evidence for the prosecution showed that the defendant published and circulated the handbill referred to containing charges which, if untrue, are clearly libelous. The evidence for the defense tended to show the truth of the charges, but the district court, correctly, in our opinion, did not consider it sufficient.

Two exceptions were taken, which were set out in the bill of exceptions as follows:

### FIRST

"Octavio García Salgado testified for the defense and upon being asked 'how the municipality proposed to carry out the construction cf the hospital,' answered as follows: 'I will recount the circumstances. The People of Porto Rico gave two *cuerdas* of land to the municipality of Río Piedras upon which to build a hospital on condition that the students of the university should be allowed to work or practice there. Jorge Romany, chairman of the municipal council, objected. At that time I was a member of the municipal council. * * *'

"At this point the district attorney said: 'I do not see that the fact that the People of Porto Rico donated land to the municipality has anything whatever to do with the acts' charged here. The testimony of the witness is going to result to his own detriment, because The People of Porto Rico has not contemplated giving anything, and the only good step was that taken by Romany.'

"Thereupon the judge made the following statement: 'What I have to ascertain is whether the handbill is libelous or not. If it is libelous, I will convict the defendant regardless of the reasons for writing it.'

"Then the attorney for the defense made the following motion: 'For the purpose of the record the attorney for the defense proposes to prove to the court that there are two political factions of the Unionist Party of Porto Rico in the town of Río Piedras, Jorge Romany being the leader of one of them and Octavio García Salgado of the other; that there is absolute discord between the two factions; that on account of municipal questions relating to the hospital and its construction, there were dissensions between the persons belonging to the two factions which gave rise to the publication of two handbills, one having been circulated prior to the one referred to in the information, and that the author of the handbill referred to in the

information, defendant Antonio Navarro, wrote and published the same to defend and justify himself from certain attacks which had been made publicly against him in another handbill published in the said town.'

"The district attorney opposed the motion made by the defense and the court ruled as follows:

"'I am not disposed,' said the judge, 'to admit any evidence to show that there are two political factions in Río Piedras. Such evidence is not pertinent. Section 246 of the Penal Code provides that in all criminal prosecutions for libel the truth may be given in evidence to the court or jury, and if it appears to the court or jury that the matter charged as libelous is true, and was published with good motives and for justifiable ends, the party shall be acquitted. The jury has the right to determine the law and the facts. That is the only point upon which I can admit evidence. I am not concerned in knowing that differences exist between two political parties in Río Piedras.'

"The defense states that the object of the evidence proposed is to show the absence of malice in the publication of the handbill. The court adheres to its ruling and the attorney for the defense takes exception."

### SECOND

"Witness Octavio García was testifying and stated: 'After Garófalo secured the contract and while I was in the office of the mayor— the mayor, Romany and I were present—Garófalo came in and Romany asked him  *  *  *  '

"The district attorney objected and said: 'Romany and Garófalo are here and at the disposal of the party. There is no need to introduce hearsay evidence when the direct evidence is available.'

"The attorney for the defense, in answer to the argument of the district attorney, said: 'Any person may testify as to a conversation had and carried on in his presence. If our object is to prove only that Salgado was present when Romany and Garófalo carried on a certain conversation relative to the construction of the hospital and furnishing the materials, Salgado's testimony is not hearsay for that purpose but is based on his own knowledge.'

"The court ruled as follows: 'Let us suppose that Garófalo should come and say that that was not true. I am of the opinion that no hearsay statements should be made, or what the witness heard other persons say except when those two persons are present.'

"The attorney for the defendant excepted."

In arguing the first exception, the attorney for the defendant followed the proper course and explained what he desired to prove by the answers of the witness. After considering that argument it cannot be held that the court committed error, for the fact that discord existed between two political factions and that one of them circulated a handbill attacking the accused is no justification for the publication and circulation by the defendant, a member of the other faction, of another handbill—the one upon which the information is laid—charging the leader of the opposite faction with acts constituting a crime. The fact that A is guilty of libel against B does not justify B in committing another crime of libel against A.

In the second exception the attorney for the defendant deviated from the course followed by him in the first and precisely on that account this court is not in a position to decide whether or not the error which the lower court may perhaps have committed was prejudicial to the defendant, for "a ruling of the trial court refusing to allow a witness to answer a question is not presented for review where the record does not set out the question, and what was expected to be elicited by it." 3 Cyc. 165, and cases cited.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.